55 CCPA

## Application of Bertrand V. GIEGERICH and Eugene K. Steele.
### Patent Appeal No. 7988.

United States Court of Customs and Patent Appeals.
June 13, 1968.

---

Melvin M. Goldenberg, Washington, D. C., Francis X. Doyle, Pittsfield, Mass., for appellant.

Joseph Schimmel, Washington, D. C., (Fred W. Sherling, Washington, D. C. of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, and KIRKPATRICK.*

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection on prior art of claims 1–5 and 10 in appellants' application entitled "Encapsulated Coils for Electromagnetic Induction Devices and Method of Making Such Coils." [1] No claims have been allowed.

The claimed invention is asserted to be an improvement in an electromagnetic induction apparatus such as a transformer. Application drawings Figs. 2 and 3 are reproduced below:

Fig. 2.

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 114,747 filed June 5, 1961.

Fig.3.

Claim 10, with reference numerals inserted, is illustrative:

10. A core and coil unit for an electromagnetic induction device comprising: a high voltage winding [20], said high voltage winding wound on a winding form [28] having a window opening, a low voltage winding [22], said low voltage winding wound on a winding form [32] having a window opening, sealing means [36] about said high voltage winding form sealing a cavity within said high voltage winding form which contains said high voltage winding, a liquid dielectric completely filling said cavity and impregnating said high voltage winding, said low voltage winding and said low voltage winding form mounted in said window opening of said high voltage winding form, said windings and said winding forms encapsulated in a synthetic resinous material [38] which is in contact with said sealing means said winding forms and said low voltage winding and a wound core [14], said wound core electromagnetically connected to said windings through said window opening in said low voltage winding form.

The other claims are broader than claim 10, being drawn essentially to the combination of high and low voltage windings encapsulated in a synthetic resinous material and having at least one of the windings impregnated with a dielectric liquid.

The references are:

| | | |
|---|---|---|
| Camilli | 2,300,910 | November 3, 1942 |
| Wigert et al. (Wigert) | 2,930,011 | November 22, 1960 |

Camilli relates to transformers. The high voltage winding is surrounded with a fluid-impervious covering of material, such as cellulose acetate, forming a container for liquid dielectric. The said winding and the porous insulation sur-

rounding same are impregnated with the aid of vacuum with liquid dielectric introduced through a tube. It is further disclosed that the low voltage winding is mounted within a window opening in the high voltage winding.

Wigert discloses a transformer in which the high voltage winding and the low voltage winding are surrounded by resin-impregnated inert material. The low voltage winding and a core are mounted in a window opening in the high voltage winding.

The examiner rejected all of the claims under 35 U.S.C. § 103, as unpatentable over Camilli taken with Wigert.

Treating claim 10 as the most detailed of the claims, the examiner analyzed the individual structural recitations therein in the light of the cited references, as follows:

A core and coil unit for an electromagnetic induction device comprising: a high voltage winding, said high voltage winding wound on a winding form having a window opening, a low voltage winding, said low voltage winding wound on a winding form having a window opening * * *.

The examiner found the above structure to be old and fundamental in the art as clearly shown in Wigert, wherein a low voltage winding and a high voltage winding are each wound on a winding form having a window therein, with a portion of the core located in the window of each coil form.

* * * sealing means about said high voltage winding form sealing a cavity within said high voltage winding form which contains said high voltage winding, a liquid dielectric completely filling said cavity and impregnating said high voltage winding * * *.

The examiner pointed to the disclosure in Camilli of the introduction of a dielectric fluid, by means of a tube, into a space surrounding a high voltage winding. He noted that a solid porous insulation encloses the high voltage winding and that a fluid impervious covering encloses both the porous insulation and the winding. Spacers between the porous insulation and the fluid impervious covering form cavities, and the dielectric fluid fills these cavities and impregnates the porous insulation and high voltage winding.

* * * said low voltage winding and said low voltage winding form mounted in said window opening of said high voltage winding form * * *.

The examiner observed that not only does Wigert show the same structure but Camilli shows the low voltage winding mounted through the window of the high voltage winding.

* * * said windings and said winding forms encapsulated in a synthetic resinous material which is in contact with said sealing means, said winding forms and said low voltage winding and a wound core * * *.

The examiner noted that Wigert clearly shows the same structure.

* * * said wound core eletromagnetically connected to said windings through said window opening in said low voltage winding form.

The examiner observed that this structure is shown in Wigert; however, to provide Camilli with a magnetic core would be an obvious expedient even without relying on the teaching of Wigert.

The board agreed with the examiner, and so do we, that the claimed invention is obvious in the light of the prior art under section 103.

Appellants have argued that their invention is unobvious because no one had previously recognized the problem of corona breakdown of encapsulating resins in contact with high voltage windings, and thus had no motivation to immerse the windings in a dielectric liquid. However, it is a well-known fact that corona is a problem in connection with transformer coils which is admitted in appellants' specification as well as in their brief. The specification states that: "As is well known, corona is the ionization of insulation or other

material surrounding a conductor." We are in agreement with the observations of the board made in this connection. The board stated:

It seems to us that if failure occurred in the Wigert et al. device because of corona, which is a well known cause of breakdown in high voltage devices, it would be obvious to encase the windings in oil impervious containers and to impregnate the windings with oil as taught by Camilli.

Appellants point out that Camilli does not disclose a device in which the windings of a transformer are encased in an oil impervious container "unless it is the porcelain shell." We think, however, from the teachings of Wigert that the porcelain shell of the Camilli transformer could be formed of synthetic resin and that such would be an obvious construction to one of ordinary skill in the subject art.

Upon consideration of the arguments advanced by the appellants, we are not persuaded of reversible error in the decision of the board, and we therefore affirm.

Affirmed.